IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

DIANA MEY

    Plaintiff,

v.

                            Civil Action No. 5:22-CV-266 (Bailey)

THE BALTIMORE LIFE INSURANCE
COMPANY

    Defendant.

ELECTRONICALLY FILED
11/11/2022
U.S. DISTRICT COURT
Northern District of WV

## COMPLAINT

Plaintiff Diana Mey ("Plaintiff") states as follows for her Complaint against Defendant The Baltimore Life Insurance Company ("Defendant"):

### PRELIMINARY STATEMENT

1. Plaintiff brings this lawsuit under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices.

2. Defendant and its agents knowingly engaged in a pattern and practice of illegal telemarketing in violation of the TCPA. In particular, Defendant and its agents violated the TCPA by initiating calls to Plaintiff whose number is registered on the National Do Not Call Registry.

### PARTIES AND JURISDICTION

3. Plaintiff Diana Mey is an individual residing in Wheeling, West Virginia.

4. Defendant The Baltimore Life Insurance Company is a Maryland corporation with a principal place of business located in Owings Mills, Maryland, and is authorized to sell insurance in West Virginia.

5. At all relevant times, Defendant conducted business in West Virginia, solicited business in West Virginia, engaged in persistent course of conduct in West Virginia, and/or has derived substantial revenue from products and services sold in West Virginia.

6. Because Plaintiff's claims arise under federal law, this Court has subject-matter jurisdiction under 28 U.S.C. § 1331.

7. Because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, venue is proper under 28 U.S.C. § 1391(b)(2). In particular, the telemarketing calls to Plaintiff were received in this district.

## OPERATIVE FACTS

8. Defendant is an insurance company that sells life insurance, annuities, and other financial planning products and services. Defendant sells its products and services across the country, including in West Virginia.

9. Upon information and belief, Defendant authorized its agents, United Life Services and Securus Direct, LLC, to make unsolicited telemarketing calls on Defendant's behalf and to market Defendant's products and services.

10. Plaintiff's cellular telephone number is (304)-242-XXXX. Plaintiff's number is, and was at all relevant times, listed on the National Do Not Call Registry.

11. Despite being listed on the National Do Not Call Registry, Defendant, directly or through one or more intermediaries, initiated telephone calls to Plaintiff to induce the sale of Defendant's products and services.

12. On November 13, 2018, Plaintiff received a call from 304-876-4101, which Plaintiff did not answer. Before realizing that he had reached Plaintiff's answering machine and hanging up, the caller represented that he was calling from "senior benefits."

13. On November 14, 2018, Plaintiff received a call from 304-874-6087. There was a sustained pause before connecting Plaintiff to a call representative, who identified himself as "Robert from senior benefits," calling about new low-cost final expense plans.

14. Plaintiff engaged with the caller to better identify the entity on whose behalf the telemarketing call was being made. Plaintiff used the pseudonym Michelle Wallace.

15. After Plaintiff answered a few prequalification questions, Plaintiff agreed to a call-back because the call representative had not yet identified the entity on whose behalf the product was being promoted.

16. On November 14, 2018, Plaintiff received a call from 601-844-0500. The female representative identified herself as "Charlotte with United Life Services" and

represented that she was calling from Mississippi. Charlotte stated that she was following up on the earlier call received from "Robert from senior benefits."

17. Again, Plaintiff engaged with the representative so as to identify the entity on whose behalf the product was being promoted. While going through the qualification process, "Charlotte with United Life Services" revealed that Baltimore Life was the underwriter.

18. With the intent to obtain written documentation confirming Baltimore Life's involvement, Plaintiff permitted a transfer to "Erika in the processing department," where Erika continued to guide Plaintiff through the qualification process.

19. During the qualification process, Plaintiff was informed that "Steph from Baltimore Life" would be looped into the ongoing call. Steph represented that Baltimore Life was recording the call. Steph asked Erika to confirm her Baltimore Life Agent ID number, which Erika did.

20. Plaintiff disconnected the call after Steph asked Plaintiff to agree that certain written disclosures were provided, which they were not.

21. Later that day Plaintiff received a call from the same phone number 601-844-0500 as had called earlier in the day when Baltimore Life had been identified. The call representative had a distinctive voice and sounded like Charlotte from the earlier call, and she represented that she was calling back because the

earlier call was disconnected. Before hanging up, Plaintiff instructed the caller to stop calling.

22. On November 17, 2018, Plaintiff received a call from 601-844-0500. Plaintiff did not answer this call. Before realizing that she had reached Plaintiff's answering machine and hanging up, the caller identified herself as "Dominique with United Life Services" and asked for Ms. Wallace, the pseudonym previously provided by Plaintiff during the call of November 14, 2018.

23. Again, on November 17, 2018, Plaintiff received another call from 601-844-0500. When Plaintiff answered, the caller identified herself as "Dominque with United Life Services" and again asked for Ms. Wallace. Plaintiff requested the caller's insurance license number. The caller represented that she did not have such a license, but confirmed that the underwriter of the policy would be Baltimore Life. The caller then said she would have Erika Jones call the Plaintiff back. Plaintiff told the caller at least four times that she did not want anyone to call her back. At this, the caller hung up on the Plaintiff.

24. On November 17, 2018, despite repeated instructions to stop calling, Plaintiff received yet another call from 601-844-0500. The caller identified herself as "Erika Jones from United Life Services" and said she was calling back regarding Plaintiff's pending application. Plaintiff requested United Life Services's corporate address and Ms. Jones's insurance license number. Ms. Jones refused and hung up.

25. As evidenced by the 2018 LLC Annual Report filed with Mississippi's Secretary of State, Ms. Jones was a managing member of United Life Services, LLC.

26. On November 17, 2018, Plaintiff received a call from 304-876-2957. The agent represented himself to be from "senior benefits" calling about low-cost burial insurance. Plaintiff engaged with the caller in order to identify the entity behind the insurance product being promoted. After Plaintiff answered a few prequalification questions under the pseudonym Shirlene Thurmond, the agent represented to Plaintiff that "our licensed agent will call you back." Plaintiff agreed to this call back because the agent had not yet identified the entity behind the product being promoted. The call was then terminated.

27. On November 19, 2018, Plaintiff received another call from 601-844-0500. The female representative identified herself as "Charlotte with United Life Services." The caller asked to speak with Shirlene Thurmond, the pseudonym provided by Plaintiff on November 17, 2018.

28. Charlotte then transferred the call to Erika Jones after Plaintiff requested Charlotte's license number. Ms. Jones represented that she had a license number but would not provide it unless Plaintiff purchased the Baltimore Life policy. Again, Plaintiff asked for United Life Services's corporate address, but Ms. Jones refused and terminated the call.

29. Thereafter, Plaintiff received more calls from the caller ID 601-844-0500 on November 27, November 28, and December 14, 2018 from United Life Services. Each time these callers realized they had reached Plaintiff's answering machine, they hung up.

30. In addition, Plaintiff received calls from the caller ID 601-844-0500 on November 29, December 5, and December 6, 2018 from United Life Services. On each of these occasions, Plaintiff answered and instructed the callers to cease calling her.

31. On February 16, 2019, despite repeated requests to stop calling, Plaintiff received a call from 304-242-9376. The agent represented himself to be "Jason with senior benefits and made a pitch similar to previous calls from "senior benefits" where Plaintiff was transferred and spoke to agents representing Baltimore Life."

32. Thereafter, Plaintiff received additional calls from 601-844-0500 and United Life Services on June 13 and June 20, 2019. These callers asked for Michelle Wallace and/or Miss Thurmond, the pseudonyms Plaintiff had used on previous calls when Baltimore Life insurance was promoted.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227(c)

33. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

34. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf made telemarketing calls to Plaintiff's residential telephone, which was listed on do-not-call registry, in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2).

35. Plaintiff received more than one telephone call within a 12-month period by or on behalf of Defendant in violation of the TCPA.

36. Defendants' violations were negligent, willful, and knowing.

WHEREFORE, Plaintiff prays for the following individual and class-wide relief (i) judgment awarding any other injunctive relief necessary to ensure Defendant's compliance with the TCPA; (ii) judgment awarding Plaintiff statutory damages of $500 for each negligent violation of the TCPA and $1,500 for each knowing violation; and (iii) judgment awarding the Plaintiff reasonable attorneys' fees and costs and such other relief as is just and equitable under the circumstances.

JURY TRIAL DEMANDED

**DIANA MEY**

By Counsel:

/s/ Andrew C. Robey
Ryan M. Donovan (WVSB #11660)
Andrew C. Robey (WVSB #12806)
HISSAM FORMAN DONOVAN RITCHIE PLLC
P.O. Box 3983
Charleston, WV 25339
t: 681-265-3802
f: 304-982-8056
rdonovan@hfdrlaw.com
arobey@hfdrlaw.com