IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT WHEELING

| | |
|---|---|
| DIANA MEY,<br><br>   Plaintiff,<br><br> vs.<br><br>THE BALTIMORE LIFE INSURANCE COMPANY,<br>   Defendants. | Civil Action No. 5:22-cv-266 (Bailey) |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS COMPLAINT**

Defendant The Baltimore Life Insurance Company ("Baltimore Life") submits this memorandum of law in support of its motion to dismiss plaintiff Diana Mey's Complaint (ECF No. 1) under Federal Rule of Civil Procedures 12(b)(6). For reasons set forth below, the complaint does not set forth allegations sufficient to impose liability on Baltimore Life for the calls alleged in the complaint.

### I. INTRODUCTION

This case arises from several phone calls plaintiff Diana Mey ("Mey") allegedly received from November 2018 to June 2019. Mey alleges the calls violate the Telephone Consumer Protection Act (47 USC § 227, "TCPA") because she was listed on the "do-not-call-registry" and did not otherwise consent to receiving the calls.

The Court should dismiss this action because the Complaint does not allege facts showing that Baltimore Life is responsible for the alleged calls. Mey identifies several individuals that allegedly placed calls to her phone — Robert, Charlotte, and Dominque — but never alleges that any of them are Baltimore Life employees. Nor does Mey allege facts showing that Baltimore Life can be held vicariously liable for calls allegedly placed by Robert, Charlotte, or Dominique. The

most Mey does is allege that they attempted to sell her an insurance policy underwritten by Baltimore Life, but numerous courts have held that such allegations are insufficient to establish vicarious liability under the TCPA as a matter of law.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court accepts all well-pled allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. Nor does a complaint suffice if it tenders "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

The court determines whether the well-pled factual allegations are sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Thus, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 566 U.S. at 678-79 *quoting Twombly*, 550 U.S. at 557. Mere compliance with the technical requirements of Rule 8 does not immunize a complaint against a motion to dismiss. *Paradise Wire & Cable Defined Benefit Pension Plan v. Weil*, 918 F.3d 312, 317–18 (4th Cir. 2019). As the Courts in the Fourth Circuit have held, "A complaint must contain either direct or inferential allegations respecting all the

material elements of [a] viable legal theory to satisfy federal notice pleading requirements." *Chitty v. Liberty Univ.*, No. 6:13CV00043, 2013 WL 3877664, at *1 (W.D. Va. July 25, 2013), aff'd, 547 F. App'x 299 (4th Cir. 2013).

### III. ARGUMENT

#### A. Mey fails to plead sufficient facts to state a claim under Rule 12(b)(6).

This Court should dismiss the Complaint because it does not allege facts supporting either direct or vicarious liability against Baltimore Life for the calls alleged in the complaint. As discussed below, an entity is only liable under the TCPA if it: (i) physically places the improper call; or (ii) is vicariously liable, under traditional agency principles, for the actions of the third party that physically places the call. Here, Mey does not allege facts showing either that Baltimore Life placed the calls or can be vicariously liable for whoever did.

#### i. Mey failed to plead any basis for direct liability against Baltimore Life.

Mey asserts a single claim under 47 USC § 227(c), which makes it unlawful for any person to place calls to a residential telephone listed on the do-not-call registry. In order to plead direct liability for a TCPA violation, the person or entity violating the statute must take "steps necessary to physically place a telephone call." *In the Matter of the Joint Petition Filed by Dish Network, LLC, the United States of Am., & the States of California, Illinois. N. Carolina, & Ohio for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (TCPA) Rules*, 28 F.C.C. Rcd. 6574, 6582 (2013) ("In re Dish Network"). This "generally does not include persons or entities, such as third-party retailers, that might merely have some role, however minor, in the causal chain that results in the making of a telephone call." *Id.* at 6583. Initiating a telephone call can mean either the person or entity that "take[s] the steps necessary to physically place a telephone call" or that is "so involved in the placing of a specific telephone call as to be deemed to have initiated it." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act 1991*, 30 FCC Rcd. 7961, 7980,

¶ 30 (2015). *See also Golan v. Freeeats.com, Inc.*, 930 F.3d 950 (8th Cir. 2019) (defendant initiates call when it takes steps necessary to physically place a telephone call).

Here, Mey does not allege facts showing Baltimore Life physically made any of the calls at issue. Instead, Mey alleges she received calls from individuals named Robert, Charlotte, and Dominique with either "senior benefits" or "United Life Services." Compl., ¶¶ 13, 16-17, 21-22, 27. Nothing in these allegations states that the individual were employed by Baltimore Life. Indeed, Mey doesn't even try to allege facts showing direct liability, instead making the vague, alternative allegation that the calls were made by Baltimore Life "and/or its affiliates, agents, and/or other persons or entities acting on [Baltimore Life's] behalf…" *Id.*, ¶ 34.

Thus, Mey has failed to plead a claim against Baltimore Life for direct liability. *Warciak v. Subway Restaurants, Inc.*, No. 2019 WL 978666, at *3 (N.D. Ill. Feb. 28, 2019) (dismissing direct liability claim where the complaint acknowledged that a person other than the defendant "physically sent out the text message," and there was no allegation that the defendant "was intimately involved in giving instructions to [the sender] regarding the details of the text message"), *aff'd* 940 F.3d 354 (7th Cir. 2020); *Simmons v. Charter Comms., Inc.*, 222 F. Supp. 3d 121, 132 (D. Conn. 2016) (holding that only the company that physically places the call can be directly liable for initiating a telemarketing call).

  **ii. Mey fails to allege facts sufficient to establish vicarious liability.**

Mey also fails to plead facts supporting vicarious liability. A plaintiff seeking to establish vicarious TCPA liability must rely upon federal common-law principles of agency. *Shamblin v. Obama for Am.*, 2015 WL 1754628 at *6 (M.D. Fla. Apr. 17, 2015); *see also Warciak v. Subway Rest., Inc.*, 940 F.3d 354, 356-57 (7th Cir. 2020) ("under federal common-law principles of agency, there is vicarious liability for TCPA violations.") *citing Campbell-Ewald v. Gomez*, 136 S. Ct. 663, 674 (2016) *and* 2013 FCC Ruling, 28 FCC Rcd. at 6584). Pleading a vicarious-liability claim

requires factual allegations that demonstrate agency. *John v. Keller Williams Realty, Inc.*, 619CV1347ORL40DCI, 2020 WL 10502631, at *2 (M.D. Fla. Feb. 4, 2020) (to state a claim, plaintiff must "allege a factual predicate 'that gives rise to an inference of an agency relationship.'"), *quoting Mauer v. Am. Intercontinental Univ.*, No. 16-cv-1473, 2016 WL 4651395, * 2 (N.D. Ill. Sept. 7, 2016).

Three agency theories may support vicarious liability: actual authority, apparent authority, and ratification. *John v. Keller Williams Realty, Inc.*, 619CV1347ORL40DCI, 2020 WL 10502631, at *2 (M.D. Fla. Feb. 4, 2020). Here, Mey does not plead facts sufficient to show vicarious liability under any of these theories.

      **a.**      **Mey fails to allege facts showing actual authority.**

Actual authority requires that: (1) the principal acknowledged that the agent could act for it; (2) the agent manifested an acceptance of the undertaking; and (3) the principal maintained control over the agent's actions. *Wolf v. Celebrity Cruises, Inc.*, 683 Fed. Appx. 786, 796 (11th Cir. 2017). Control by the principal over an agent's actions is the "key element" in establishing an agency relationship. *Marchisio v. Carrington Mortgage Services, LLC*, 919 F.3d 1288, 1311 (11th Cir. 2019). A plaintiff must allege facts sufficient to establish that the defendant controlled the "manner and means" of the agent's actions. *Langfitt v. Fed. Marine Terminals, Inc.*, 647 F.3d 1116, 1121 (11th Cir. 2011) ("The essence of the common law's test for whether an agent is an employee or an independent contractor is the control of details; that is, whether the principal has the right to control the manner and means by which the agent accomplishes the work.").[1] If a

---

[1] *See also*, *Jones v. Royal Admin. Services, Inc.*, 887 F.3d 443, 453 (9th Cir. 2018) ("AAAP's telemarketers did not have actual authority to place the unlawful calls, and Royal exercised insufficient control over the manner and means of the work to establish vicarious liability under the asserted theory."); *Smith v. Truman Rd. Dev., LLC*, 2020 WL 2044730, at *19 (W.D. Mo. Apr. 28, 2020) ("'In the TCPA context, courts characterize the control necessary to establish agency as whether the principal controlled or had the right to control the agent and, *more specifically, the manner and means of the text message campaign they conducted.'" (quoting Wilson v. PL Phase One Operations*

principal controls the *outcome* of an endeavor but not the *means used to achieve* that outcome, then there is no agency relationship. *In re Cuenant,* 339 B.R. 262, 276 (Bankr. M.D. Fla. 2006) ("Generally, a contractor is not a true agent where the principal controls only the outcome of the relationship, not the means used to achieve that outcome."); *United States v. Tianello*, 860 F. Supp. 1521, 1524 (M.D. Fla. 1994) ("If a party controls only the outcome of the endeavor, and not the means used to achieve the outcome, then an agency relationship does not exist.").

Courts have routinely dismissed TCPA claims with vague agency allegations lacking supporting facts. *See Aaronson v. CHW Group, Inc.,* 1:18-CV-1533, 2019 WL 8953349, at *3 (E.D. Va. Apr. 15, 2019) (dismissing TCPA vicarious liability claims because the plaintiff failed to plead "details from the telephone calls what would tend to demonstrate an agreement between the caller and defendant that the caller would act on the principal's behalf and subject to principal's control."); *Abramson v. 1 Glob. Capital, LLC*, 15-CV-61373, 2015 WL 12564318, at *3 (S.D. Fla. Sept. 23, 2015) (dismissing vicarious liability TCPA claim because the allegations "were conclusory in nature," and "merely stated, without legal support, that third parties were regularly utilized by telemarketers."); *Barker v. Sunrun Inc.*, 2019 WL 1983291, at *3-4 (D.N.M. Apr. 29, 2019) (dismissing where plaintiff offered only conclusory allegations regarding purported agents of the defendant); *Naiman v. TranzVia LLC*, 17-CV-4813-PJH, 2017 WL 5992123, at *6-7 (N.D. Cal. Dec. 4, 2017) (dismissing where no facts were pleaded showing defendant had control over the third party that made the initial calls); *Reo v. Caribbean Cruise Line*, 2016 WL 1109042, at *5 (N.D. Ohio Mar. 18, 2016) (dismissing where "sparse allegations made d[id] not allege any facts

---

*L.P.*, 2019 WL 4735483, at *4 (D. Md. Sept. 27, 2019)); *Mey v. Venture Data, LLC*, 245 F. Supp. 3d 771, 787 (N.D.W. Va. 2017) ("In the TCPA context, courts have characterized the control necessary to establish agency as being control over 'the manner and means' of the agent's calling activities.").

that show [defendant] had any power to give interim instructions or otherwise had any control over the performance of" callers).

Mey fails to allege facts to support any of these elements. Specifically, Mey does not allege that Baltimore authorized the individuals to make the alleged calls. Nor does Mey allege that Baltimore Life maintained control over of the callers. Mey certainly does not allege that Baltimore Life told any of the individuals involved in the alleged calls who to call, how to call, when to call, or what to say. Mey has thus failed to plead facts showing actual authority. *Kern v. VIP Travel Services*, 2017 WL 1905868, at *6 (W.D. Mich. May 10, 2017) ("Even if the Resorts contracted with USA to solicit customers, that does not mean that the Resorts had the right to control USA or conferred on them the authority to solicit customers through improper means."). *Warciak v. Subway Restaurants, Inc.*, 1:16-CV-08694, 2019 WL 978666, at *3 (N.D. Ill. Feb. 28, 2019), *aff'd*, 949 F.3d 354 (7th Cir. 2020) ("Notably absent from the complaint are any facts alleging that Subway controlled the timing, content, or recipients of the text message . . . . Therefore, the complaint does not allege sufficient facts to establish a common-law agency relationship.")

Further, the fact that Mey alleges that someone (though not any of the callers) offered her a Baltimore Life product does not support an inference of actual authority. *See Leon v. Caterpiller Indus., Inc.*, 69 F.3d 1326, 1336 (7th Cir. 1995) (affirming trial court decision that Caterpillar dealer was not agent of Caterpillar under actual authority theory simply because it used trade name pursuant to sales agreement; "the mere fact that Calumet uses Caterpillar's name does not render it an agent of Caterpillar, just as every bar which advertises that they sell a particular brand of beer is not the agent of the brewery whose name they advertise").

    **b.**   **Mey fails to allege facts showing apparent authority.**

Apparent authority exists when: (1) a manifestation from the alleged principal (here, Sunshine State) causes plaintiff (here, Mey) to believe that the alleged agent (the caller) had

authority to act for the principal; (2) this belief was reasonable; and (3) the plaintiff reasonably acted in reliance thereon to his detriment. *Doonan v. Carnival Corp.*, 404 F. Supp. 2d 1367, 1371 (S.D. Fla. 2005).

Here, Mey cannot rely on apparently authority because she fails to allege that Baltimore Life made any manifestation to him about the authority of the alleged callers. *See Warciak*, 2019 WL 978666, at * 6 (in order to plead a legally sufficient claim of apparent authority, plaintiff was required to plead some communication from the defendant to plaintiff regarding the authority of the alleged agent), *aff'd* 949 F.3d 354 (7th Cir 2020); *see also Canary v. Youngevity Int'l, Inc.,* 5:18-CV-03261-EJD, 2019 WL 1275343, at *8 (N.D. Cal. Mar. 20, 2019) (a plaintiff must allege "that he reasonably relied upon something said or done by [a defendant] to his detriment").

Nor does Mey allege that she relied on anything he heard from Baltimire Life, or anyone else, to conclude that anyone was Baltimore Life's agent. *Canary*, 2019 WL 1275343, at *8 (apparent authority claim not stated where plaintiff did not allege that he had relied upon the defendant's representation to him regarding the authority of the alleged agent).

Finally, the fact that the callers ultimately marketed a Baltimore Life policy does not constitute a manifestation by Baltimore Life that they are authorized to act on its behalf. *See Carroll v. Diamond Resorts Mgmt. Inc.,* 14-20649-CIV, 2015 WL 11202373, at *9 (S.D. Fla. Oct. 19, 2015) *("*The fact that one party performs a service that facilitates the other's business does not constitute such a manifestation.") (quoting Restatement (Third) of Agency § 3.03*, 2006, Comment b, *Manifestation an essential requirement*); *Kristensen v. Credit Payment Services Inc.*, 2:12-CV-00528-APG, 2015 WL 4477425, at *4 (D. Nev. July 20, 2015), *aff'd,* 879 F.3d 1010 (9th Cir. 2018) (same).

### c. Mey fails to allege facts showing ratification.

To establish vicarious liability through ratification, Mey must demonstrate that Baltimore Life: (a) manifested its assent to the conduct of the alleged agents, or (b) engaged in conduct that justified her reasonable assumption that Baltimore Life consented to the alleged callers' conduct. *GDG Acquisitions,* 849 F.3d at 1308–09 (citing Restatement (Third) of Agency § 4.01). "That is, if the principal engages in conduct that could be explained *only* by the principal's agreement to be bound by the agent's act, then the principal has ratified that act." *Id.* (emphasis added).

Mey must also plead facts that make it plausible that Baltimore Life had knowledge of the calls. *Restat. (Third) of Agency*, § 4.06 ("A person is not bound by a ratification made without knowledge of material facts involved in the original act when the person was unaware of such lack of knowledge."). *See Kristensen v. Credit Payment Servs. Inc.*, 879 F.3d 1010, 1014 (9th Cir. 2018) ("[e]ven if a principal ratifies an agent's act, the principal is not bound by a ratification made without knowledge of material facts about the agent's act unless the principal chose to ratify with awareness that such knowledge was lacking.") (*citing Restatement Third of Agency*, § 4.01). In *Kristensen*, the Ninth Circuit held that a defendant who contracted with another company that used unlawful text message marketing in violation of the TCPA was not vicariously liable for the acts of the company under a theory of ratification because "knowledge that an agent is engaged in an otherwise commonplace marketing activity is not the sort of red flag that would lead a reasonable person to investigate whether the agent was engaging in unlawful activities." *Id.* at 1015.

Finally, ratification exists only in the context of an existing agency relationship. *See Canary*, 2019 WL 1275343, at *9 (quoting *Restatement (Third) of Agency*,§ 4.03 ("when an actor is not an agent and does not purport to be one, the doctrine of ratification does not apply."); *see also Warciak*, 2019 WL 978666, at *3 ("ratification is unavailable where neither actual nor apparent authority exist" and dismissing complaint absent factual allegations sufficient to plausibly

support claim); *Trenz v. Sirius XM Radio, Inc.*, 2015 WL 11658715, *2 (S.D. Cal. July 13, 2015) (in order for ratification to apply, it is necessary that an agency relationship exist at the time of the act to be ratified) (*citing Batzel v. Smith*, 333 F.3d 1018, 1036 (9th Cir. 2003)).

Here, Mey failed to allege facts showing Baltimore Life had any basis for knowing of the calls, or that Baltimore Life took any actions to ratify those calls despite such knowledge. Mey also does not allege facts showing any existing agency relationship between the parties. Thus, Mey has not alleged facts showing ratification. *See Hirsch*, 2018 WL 4760801, at *2 (plaintiff's allegations that lumped defendants together to allege that the "[d]efendants and their agents made, arranged for, supervised and approved the telemarketing calls made," was insufficient to withstand motion to dismiss); *see also Abante Rooter & Plumbing v. Farmers Grp., Inc.*, 2018 WL 288055, at *6 (N.D. Cal. Jan. 4, 2018) (granting defendant's motion to dismiss claim under a ratification theory because the plaintiff failed to adequately allege facts to support a principal-agency relationship).

## IV. CONCLUSION

Mey's scant factual allegations do not support her claim that Baltimore Life is responsible for the allegedly improper calls. Thus, Baltimore Life respectfully requests that this Court enter an order dismissing the Complaint.

Respectfully submitted this 13th day of April, 2023.

By: ***/s/ Gordon H. Copland***
Gordon H. Copland (WVSB #828)
STEPTOE & JOHNSON PLLC
gordon.copland@steptoe-johnson.com
400 White Oaks Boulevard
Bridgeport, WV 26330
Telephone: 304-933-8162
Direct Fax: 304-933-8601

Steven J. Brotman
*Pro hac vice*
LOCKE LORD LLP
steven.brotman@lockelord.com
777 South Flagler Drive
West Palm Beach, FL 33401
Telephone: (561) 833-7700
Direct Fax: (561) 655-8719

***Attorneys for Defendant The Baltimore Life Insurance Company***

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2023, I electronically filed the foregoing **"Defendant's Memorandum of Law in Support of Motion to Dismiss Complaint"** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

> Andrew C. Robey
> arobey@hfdrlaw.com
> Ryan McCune Donovan
> rdonovan@hfdrlaw.com
> **HISSAM FORMAN DONOVAN RITCHIE PLLC**
> 707 Virginia Street, East, Suite 260
> Charleston, WV 25301
>
> *Attorneys for Plaintiff*

> /s/ *Gordon H. Copland*
> Gordon H. Copland (WV Bar #828)
> gordon.copland@steptoe-johnson.com
> 400 White Oaks Boulevard
> Bridgeport, WV 26330
> (304) 933-8000
>
> *Attorney for Defendant*