IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**DIANA MEY,**

        Plaintiffs,

v.                                   **CIVIL ACTION NO. 5:22-CV-266**
                                         Judge Bailey

**THE BALTIMORE LIFE**
**INSURANCE COMPANY,**

        Defendants.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Pending before this Court is Defendant's Motion to Dismiss Complaint [Doc. 9] and accompanying Memorandum of Law in Support [Doc. 10], filed April 13, 2023. Plaintiff filed a Response in Opposition [Doc. 13] on May 4, 2023. Defendant filed a Reply [Doc. 15] on May 11, 2023. Accordingly, this matter is ripe for adjudication. For reasons discussed below, defendant's Motion will be denied.

## BACKGROUND

This case arises out of alleged violations of the Telephone Consumer Protection Act ("TCPA"). According to the complaint, defendant and its agents violated the TCPA by making telemarketing calls to plaintiff's residential telephone, which was listed on the Do-Not-Call Registry. [Doc. 1]. Specifically, plaintiff alleges that between November 2018 and June 2019 she received a number of phone calls from agents from United Life Services and those agents were selling defendant's products and services. [Id. at 3–7]. Plaintiff also alleges that defendant participated in some of the phone calls. [Id. at ¶ 19].

1

Defendant, Baltimore Life Insurance Company ("Baltimore Life"), is an insurance company that sells life insurance, annuities, and other financial planning products and services. [Id. at ¶ 8]. Defendant sells its products and services across the country, including in West Virginia. [Id].

Plaintiff filed a Complaint on November 11, 2022. See [id.]. In the Complaint, plaintiff alleges that Baltimore Life authorized its agent, United Life Services and Securus Direct, LLC, to make unsolicited telemarketing calls on its behalf and to market its products and services in violation of the TCPA. [Id. at ¶ 9]. Plaintiff seeks the following individual and class-wide relief: (1) judgment awarding any other injunctive relief necessary to ensure Defendant's compliance with the TCPA; (2) judgment awarding plaintiff statutory damages of $500 for each negligent violation of the TCPA and $1,500 for each knowing violation; and (3) judgment awarding the plaintiff reasonable attorneys' fees and costs and such other relief this Court deems necessary. [Id. at 8].

On April 13, 2023, defendant filed a Motion to Dismiss Complaint with prejudice. [Doc. 9]. In its Memorandum of Law in Support, defendant contends that plaintiff "does not allege facts supporting either direct or vicarious liability against Baltimore Life for the calls alleged in the complaint." [Doc. 10 at 3].

In response, plaintiff contends that her complaint alleges sufficient facts establishing an agency relationship between the defendant and the callers. [Doc. 13 at 4].

In its Reply, defendant again contends that plaintiff failed to plead facts showing Baltimore Life is directly or vicariously liable for the alleged calls. [Doc. 15 at 2–10].

## **LEGAL STANDARDS**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" ***Id.*** at 678. To achieve facial plausibility, the plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable, and those facts must be more than merely consistent with the defendant's liability to raise a claim from merely possible to plausible. ***Id.***

In determining whether a plausible claim exists, the court must undertake a context-specific inquiry, "[b]ut where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" ***Id.*** at 679 (quoting Fed. R. Civ. P. 8(a)(2)). A complaint must contain enough facts to "nudge [. . .] [a] claim across the line from conceivable to plausible." ***Twombly***, 550 U.S. at 570.

This Court is well aware that "[M]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." ***Williams v. Branker***, 462 F. App'x 348, 352 (4th Cir. 2012). "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." ***Witthohn v. Fed. Ins. Co.***, 164 F. App'x 395, 396 (4th Cir. 2006). However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the complaint. ***Id.*** at 396-97.

## **DISCUSSION**

Defendant moves to dismiss plaintiff's complaint "because it does not allege facts supporting either direct or vicarious liability against Baltimore Life for the calls alleged in the complaint." [Doc. 10 at 3 & Doc. 15 at 3–10]. Plaintiff does not contend that the complaint alleges sufficient facts supporting direct liability against defendant. *See* [Doc. 13]. Instead, plaintiff argues that the complaint alleges sufficient facts to establish an agency relationship between the defendant and the callers. [Id. at 4–5].

The TCPA makes it unlawful for any person to place calls to a residential telephone listed on the Do-Not-Call Registry. 42 U.S.C. § 227(c). "[T]he Federal Communicatons Commission has ruled that, under federal common-law principles of agency, there is vicarious liability for TCPA violations." ***Campbell-Ewald v. Gomez***, 577 U.S. 153, 154 (2016). Three agency theories may support vicarious liability: actual authority, apparent authority, and ratification. *See* ***Hossfeld v. Gov't Employees Ins. Co.***, 88 F.Supp.3d 504, 510 (D. Md. 2015) (Quarles, J.).

Here, defendant argues that plaintiff did not plead facts sufficient to show vicarious liability under any of the three agency theories. [Doc. 10 at 5–10 & Doc. 15 at 4–7]. This Court disagrees. For example, in the complaint, plaintiff alleges on November 14, 2018, plaintiff received a call from "Charlotte with United Life Services" and during the course of the phone call "Charlotte" revealed that Baltimore Life was the underwriter. [Doc. 1 at ¶¶ 16–17]. Plaintiff further alleges that "during the qualification process, Plaintiff was informed that 'Steph from Baltimore Life' would be looped into the ongoing call" and once Steph from Baltimore Life was looped into the call, she represented that Baltimore Life was recording

the call. [Id. at ¶ 19]. Further, plaintiff alleges that during the phone call, Steph asked Erika, who worked in the processing department, to confirm her Baltimore Life Agent ID number. [Id.].

Based on this, this Court finds that at this stage in the proceedings, the allegations in the Complaint are sufficient to establish that it is plausible to connect defendants to the calls in question.

## **CONCLUSION**

Accordingly, Defendant's Motion to Dismiss Complaint [**Doc. 9**] is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

DATED: May _18_, 2023.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE