**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT WHEELING**

DIANA MEY,

          Plaintiff,

      vs.

THE BALTIMORE LIFE INSURANCE
COMPANY,

          Defendants.

Civil Action No. 5:22-cv-266
(Judge Bailey)

---

**DEFENDANT THE BALTIMORE LIFE INSURANCE COMPANY'S RESPONSE IN
OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

    Defendant The Baltimore Life Insurance Company ("Baltimore Life") files this

Opposition to Plaintiff Diana Mey's Motion to Amend Complaint (ECF No. 29):

**INTRODUCTION**

    Plaintiff's Motion to Amend Complaint should be denied because Plaintiff's proposed

Amended Complaint is both untimely and prejudicial.

    This case arises from several phone calls Plaintiff allegedly received from November 2018

to June 2019. Plaintiff alleges the calls violate the Telephone Consumer Protection Act (47 USC

§ 227, "TCPA") because she was listed on the "do-not-call-registry" and did not otherwise consent

to receiving the calls.

    This lawsuit has been pending since November 11, 2022. Baltimore Life filed its answer

and affirmative defenses on May 26, 2023. The Court thereafter issued the Scheduling Order on

June 13, 2023. Most pertinent here, the Scheduling Order set a deadline for "Joinder and

Amendments" of July 12, 2023.

    Nearly a year after the filing of this lawsuit and several months after this Court's deadline

for joinder and amendments, Plaintiff now seeks leave to file an Amended Complaint. Plaintiff's

Amended Complaint seeks to amend this lawsuit to convert it into a putative class action and seeks to add two additional parties – United Life Services, LLC ("ULS") and Erika M. Jones - as defendants. For the reasons discussed herein, Plaintiff's Motion to Amend should be denied.

*First*, Plaintiff's amendment is unjustifiably late. The Court-ordered deadline for "Joinder and Amendment" was July 12, 2023. Plaintiff has been fully aware of ULS and Ms. Jones' involvement since the inception of this lawsuit. In fact, Plaintiff's current complaint *specifically and repeatedly* alleges that she received calls from United Life Services and Erika Jones and that Ms. Jones was affiliated with ULS. (ECF No. 1, ¶¶ 22-25, 27-30, 32.) Plaintiff's motion offers no good cause for her delay in asking for leave to add ULS and Ms. Jones to her lawsuit. Moreover, there is no good cause to convert this case from an individual action to a putative class action after the deadline to amend the complaint and nearly one year after the inception of the case. Indeed, Plaintiff's motion identifies no "cause" at all – good or otherwise – for allowing her leave to substantially expand the nature of this lawsuit after the deadline set by the Court. Under Rule 16(b), this inexcusable delay is independently sufficient to deny Plaintiff's request to amend.

*Second*, allowing Plaintiff to amend would be unfairly prejudicial to Baltimore Life. The deadline to complete depositions in this matter is November 20, 2023, the discovery cutoff is January 11, 2024, and the motion practice/dispositive motion deadline is January 25, 2024. As to the deposition deadline specifically, the parties previously sought to extend the deadline to January 11, 2024 and the Court denied the request in part and extended the deadline from October 18, 2023 to November 2023. It is simply unworkable to complete the depositions of all additional parties and the depositions needed for a putative class action by November 20, 2023. To add new parties and convert this case from an individual action to a putative class action would essentially restart

the litigation from the beginning and require an entirely new schedule, with existing discovery done again after the proposed new defendants have been added.

## LEGAL STANDARD

"The district courts have applied a two-step analysis for use when a motion to amend the pleadings is made after the deadline set in the scheduling order has passed: (1) the moving party must satisfy the good cause standard of Rule 16(b), and (2) if the movant satisfies Rule 16 (b), the movant then must pass the tests for amendment under Rule 15(a)." *Foster v. United States Envtl. Prot. Agency*, 2:14-CV-16744, 2016 WL 4473453, at *1 (S.D.W. Va. Aug. 22, 2016). "This analysis has emerged because litigants seeking to amend their pleadings outside the court's deadlines for doing so must effectively modify the scheduling order under Rule 16 as well. Thus '[a]lthough leave to amend should be 'freely give[n] […] when justice so requires,' Fed. R. Civ. P. 15(a)(2), "after the deadlines provided by the scheduling order have passed, the good cause standard [of Fed. R. Civ. P. 16] must be satisfied to justify leave to amend the pleadings.'" *Id.* (quoting *RFT Mgmt. Co., LLC v. Powell,* 607 F. Appx. 238, 242 (4th Cir. 2015)).

Even if a party can satisfy the "good cause" standard", the party must still satisfy Rule 15(a)(2) of the Federal Rules of Civil Procedure which provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Although Rule 15(a)(2) provides that leave to amend should be freely granted "when justice so requires," a motion for leave to amend is properly denied where there is "undue delay, bad faith, dilatory motive on the part of the movant, […] undue prejudice to the opposing party by virtue of the amendment or futility of the amendment." In this case, undue delay with undue prejudice requires the Court to deny the Plaintiff's motion.

## ARGUMENT

**I.    Plaintiff's Motion to Amend should be denied because Plaintiff unjustifiably failed to meet the Court's deadline to amend the pleadings.**

Contrary to Plaintiff's motion, which relies solely upon Federal Rule of Civil Procedure 15, when a plaintiff seeks to amend a complaint "after the Court-ordered deadline for filing amended pleadings," Rule 15 does not apply. Instead "the more stringent Rule 16 'good cause' standard governs the Court's evaluation of Plaintiff's Motion." *Wallace v. AlliedBarton Sec. Servs., LLC*, 309 F.R.D. 49, 50 (D.D.C. 2015) (citing Fed. R. Civ. P. 16(b)); *Littleberry v. N. Clearing, Inc.,* 5:19-CV-177, 2020 WL 4926158, at *1 (N.D.W. Va. Mar. 27, 2020); *RFT Mgmt. Co., LLC v. Powell*, 607 F. App'x 238, 242 (4th Cir. 2015) (quoting *Nourison Rug Co. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008)); *Montgomery v. Anne Arundel County*, 182 F. App'x 156, 162 (4th Cir. 2006) (affirming denial of amendment based on Rule 16 standard where scheduling order deadline had passed).

"To hold otherwise" would "allow for parties to disregard scheduling orders, which would 'undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.'" *Id.* (quoting *Lurie v. Mid–Atlantic Permanente Medical Grp., P.C.*, 589 F. Supp. 2d 21, 23 (D.D.C. 2008)). "Rule 16(b)'s good cause standard focuses on the timeliness of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party." *Littleberry,* 2020 WL 4926158 at *2; *see also Hawkins v. Leggett*, 955 F. Supp. 2d 474, 498 (D. Md. 2013), *aff'd sub nom. In re Canarte*, 558 Fed. Appx. 327 (4th Cir. 2014) ("The movant satisfies the good cause requirement by showing that, despite diligence, the proposed claims could not have been reasonably brought in a timely manner.").

The Scheduling Order entered by this Court on June 13, 2023 provides that the deadline to amend pleadings and add parties was July 12, 2023. (ECF No. 22, ¶ 3). Plaintiff moved to amend over three months after that deadline. (ECF No. 29). Plaintiff offers no explanation for why she failed to move for leave to amend her complaint on or before July 12, 2023. Not only does Plaintiff not offer any "cause" – good or otherwise – what her motion does say establishes that there is no reason she could not have moved for leave to amend by the deadline. For example, Plaintiff states that the "[i]n the course of discovery, [Plaintiff] confirmed that the offending calls were physically placed by United Life Services." (ECF No. 29, ¶ 2). Similarly, Plaintiff claims "[d]iscovery has also revealed that Erika Jones, a member of United Life Services, oversaw and directed the placement of illegal calls." *Id.* But Plaintiff admitted in her original Complaint filed nearly a year ago that ULS and Ms. Jones were responsible for allegedly placing calls to her. (ECF No. 1, ¶ ¶ 22-25, 27-30, 32.). Yet, Plaintiff did not name either ULS or Ms. Jones as defendants in her original Complaint. Nothing in the discovery in this lawsuit was necessary to identify ULS or Jones as the parties responsible for the calls that are the subject of this lawsuit.

Despite *knowing* about ULS and Ms. Jones' alleged actions since at least the filing of the very pleading Plaintiff wants to amend, Plaintiff did not seek leave to add ULS and Ms. Jones as defendants until three months after the deadline to amend pleadings expired. Plaintiff, therefore, has not shown diligence in moving to amend. In *Littleberry v. Northern Cleaning, Inc.*, this Court was faced with a similar circumstance. In *Littleberry,* the plaintiff moved to amend outside the time allowed by the scheduling order and based its motion on "significant developments since the depositions…" *Littleberry,* 2020 WL 4926158, at *2. The evidence in *Littleberry,* however, reflected that the "plaintiff was, or at least should have been, aware of all these facts which form the basis of Plaintiff's proposed new claims long ago…[.]" *Id.* Accordingly, Judge Bailey found

that the plaintiff in *Littleberry* had not been diligent in seeking leave to amend. *Id.* Here, no further evidence was even necessary to identify ULS or Jones as the parties who actually placed the calls that are the subject of this lawsuit to Plaintiff. The proposed additional parties, and their alleged actions, were among Plaintiff's original allegations when she filed this lawsuit nearly a year ago.

Moreover, Plaintiff's Motion to Amend also fails to explain why the discovery related to ULS and Ms. Moore could not have been completed sooner. While this lawsuit has been pending since November 2022, Plaintiff did not serve her first set of discovery requests until July 6, 2023 – knowing full well the deadline to amend pleadings or additional parties was just 6 days later on July 12, 2023. (ECF. No. 24). The motion offers no explanation for the delay in issuing discovery, much less how or why the responses to the discovery bear in the delay in seeking leave to amend.

Further, Baltimore Life provided its responses to discovery on August 21, 2023. (ECF Nos. 25-26). Yet, Plaintiff waited another nearly two months to file her Motion to Amend. Plaintiff was dilatory in serving discovery in the first place, and then further dilatory in seeking leave to amend on the basis of the responses to that discovery, even if responses to discovery were somehow necessary for Plaintiff to know she wanted or needed to amend her Complaint. In *Littleberry,* this Court also addressed a failure to diligently complete discovery. Specifically, Judge Bailey found that "to the extent Plaintiff obtained new information during the deposition of Potter on February 6, 2020, it was due to a lack of diligence on behalf of Plaintiff's counsel in not obtaining Potter's deposition prior to that date." *Littleberry,* 2020 WL 4926158 at *1.

Similarly, Plaintiff's motion provides no explanation why she could not have conducted discovery, or otherwise obtained the information supposedly needed, sufficiently in advance this Court's deadlines. As argued earlier, nothing in Baltimore Life's discovery responses was needed for Plaintiff to determine the need for an amendment of her Complaint, but even if it was, there is

no reason the discovery could not have been served much earlier. Accordingly, Plaintiff's lack of diligence supports the denial of her Motion to Amend. *See Marcum v. Zimmer*, 163 F.R.D. 250, 253 (S.D. W. Va. 1995) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.").

Plaintiff also seeks to convert this case into a putative class action. Certainly nothing in Baltimore Life's discovery responses provided information that leads Plaintiff to believe that she could support a motion for class certification in this case. Her Motion to Amend admits as much, inasmuch as it contends that her allegations regarding "widespread" conduct would be made "on information and belief." As indicated earlier, Plaintiff knew from the time she filed her original Complaint that the calls she received came from ULS and Jones. If she believes today that ULS and Jones' purportedly unlawful calls were "widespread," that belief certainly did not come from anything in Baltimore Life's discovery responses. There is no explanation for why Plaintiff could not have made class allegations in her original Complaint if she sought to pursue her claims on a class-wide basis.

While prejudice is an important consideration—and while it indeed exists here, as shown below—prejudice is not the focus when a motion for leave to amend is filed after the deadline to amend pleadings has passed. "Diligence is unquestionably the heart of determining whether a plaintiff has demonstrated good cause pursuant to Rule 16(b), and courts in this district have held that if a party has not acted diligently, 'the Court's inquiry *must end*, regardless of whether the amendment will assist the factfinder or result in prejudice.'" *Brewer v. Holder*, No. CV 08-1747 (BJR), 2015 WL 13799993, at *3 (D.D.C. Apr. 8, 2015) (emphasis added) (quoting *A Love of Food I, LLC v. Maoz Vegetarian USA, Inc.*, 292 F.R.D. 142, 145 (D.D.C. 2013); *United States v.*

*Kellogg Brown & Root Servs.*, Inc., 285 F.R.D. 133, 136 (D.D.C. 2012)) (holding that "[i]f the party was not diligent, the inquiry should end" under Rule 16(b)). [1]

Here, Plaintiff would need to initially persuade this Court that she *lacked* the information she needed for the claims she seeks to bring in an amended complaint at the time she filed her original Complaint. That is plainly not the case here: at the time she filed her original Complaint she already had all the information she needed to make the claims she now seeks leave to amend to bring. But even if she didn't have that information, she still bears the burden to establish that she was diligent in seeking information that she did not have but that was needed for an amended complaint as well as good cause for failing to seek leave to file the amended complaint prior to the deadline. Plaintiff's motion includes no analysis at all under Rule 16(b), and instead relies exclusively on Rule 15(a)(2). (ECF No. 29, ¶ 5). Plaintiff has failed to carry her burden under Rule 16(b)—not only because nothing in Baltimore Life's responses to discovery provided her with any new information she needed for her proposed amended complaint, but also because Plaintiff's motion includes no analysis under Rule 16(b) and offers no "good cause" for her failure to issue discovery sooner or to seek leave to amend prior to the deadline. For that reason alone, Plaintiff's Motion to Amend should be denied.

---

[1] *See also S. Track & Pump, Inc. v. Terex Corp.*, 722 F. Supp. 2d 509, 521 (D. Del. 2010) ("In contrast to Rule 15(a), the good cause standard under Rule 16(b) hinges on diligence of the movant, and not on prejudice to the non-moving party."); *Chao v. Westside Drywall, Inc.*, 709 F. Supp. 2d 1037, 1074 (D. Or. 2010) ("lack of prejudice to the non-moving party does not constitute good cause" for an untimely amendment under Rule 16(b)); *Pinares v. United Techs. Corp.*, No. 10-CV-80883, 2018 WL 10502427, at *2 (S.D. Fla. Dec. 6, 2018) ("Given that diligence, not lack of prejudice, is the "touchstone" of the Rule 16(b) inquiry, the Court finds that Defendant has failed to make the threshold showing of diligence."); *Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 786 (E.D.N.C. 2011) (court has "no cause" to address prejudice "where the initial Rule 16(b) requirement of diligence has not been met").

II.     **Allowing Plaintiff to file the Amended Complaint at this stage in the litigation will cause unfair prejudice to Baltimore Life.**

"[I]f a plaintiff has unduly delayed seeking amendment and the delay is 'accompanied by prejudice, bad faith, or futility[,]' amendment should be denied." *Stewart v. Coyne Textile Services,* 212 F.R.D. 494, 497 (S.D.W. Va. 2003).

Here, the deadline to complete depositions in this matter is November 20, 2023, the discovery cutoff is January 11, 2024, and the motion practice/dispositive motion deadline is January 25, 2024. (ECF No. 28). As to the deposition deadline specifically, the parties previously sought to extend the deadline to January 11, 2024 and the Court denied the request in part and extended the deadline from October 18, 2023 to November 20, 2023. *Id.* It is simply unworkable to complete the depositions of all additional parties and the depositions needed for a putative class action by November 20, 2023.

These facts show that Baltimore Life will be unfairly prejudiced if Plaintiff is allowed to amend at this juncture and Plaintiff's Motion to Amend should, accordingly be denied.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Motion to Amend Complaint should be denied.

Respectfully submitted this 13th day of October, 2023.

By**:**  */s/ Gordon H. Copland*
Gordon H. Copland (WVSB #828)
STEPTOE & JOHNSON PLLC
gordon.copland@steptoe-johnson.com
400 White Oaks Boulevard
Bridgeport, WV 26330
Telephone: 304-933-8162
Direct Fax: 304-933-8601

Steven J. Brotman
*Pro hac vice*
LOCKE LORD LLP
steven.brotman@lockelord.com
777 South Flagler Drive
West Palm Beach, FL 33401
Telephone: (561) 833-7700
Direct Fax: (561) 655-8719

***Attorneys for Defendant***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 13, 2023, I electronically filed the foregoing "Defendant

The Baltimore Life Insurance Company's Response in Opposition to Plaintiff's Motion to Amend

Complaint" with the Clerk of the Court using the Court's CM/ECF system, which will send notice

of the filing to the following counsel of record:

> Andrew C. Robey
> arobey@hfdrlaw.com
> Ryan McCune Donovan
> rdonovan@hfdrlaw.com
> **HISSAM FORMAN DONOVAN RITCHIE PLLC**
> 707 Virginia Street, East, Suite 260
> Charleston, WV 25301
> ***Attorneys for Plaintiff***

> _/s/ Gordon H. Copland_
> Gordon H. Copland (WVSB #828)
> STEPTOE & JOHNSON PLLC
> gordon.copland@steptoe-johnson.com
> 400 White Oaks Boulevard
> Bridgeport, WV 26330
> Telephone: 304-933-8162
> Direct Fax: 304-933-860